UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DEBBIE JAMES, ET AL.**                                **CIVIL ACTION**

**VERSUS**                                              **NO. 17-70-BAJ-EWD**

**JOSE BARRON MONTES, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 30, 2017.

                                                        *Erin Wilder-Doomes*
                                                        **ERIN WILDER-DOOMES**
                                                        **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DEBBIE JAMES, ET AL.**                                             **CIVIL ACTION**

**VERSUS**                                                                   **NO. 17-70-BAJ-EWD**

**JOSE BARRON MONTES, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Defendants' Unopposed Voluntary Motion to Remand,[1] filed by Swift Transportation Company of Arizona, LLC, Red Rock Risk Retention Group, Inc. and Jose Barron Montes (collectively, "Defendants"). Any opposition to this Motion was required to be filed within 21 days after service of the Motion. LR 7(f). More than 21 days have passed since the filing of the Motion and Debbie James, Shaylor James and Le'Var James (collectively, "Plaintiffs"), have not filed an opposition as of the date of this Report and Recommendation. For the reasons set forth herein, the undersigned recommends[2] that the Motion to Remand be **GRANTED** and this matter be **REMANDED** to the 18th Judicial District Court for the Parish of Iberville, State of Louisiana.

I.   Background

Defendants removed this matter on February 7, 2017, based on diversity jurisdiction under 28 U.S.C. § 1332(a).[3] On April 10, 2017, Defendants filed the instant Motion to Remand after receiving notice of Plaintiffs' First Supplemental and Amended Petition for Damages, which was

---

[1] R. Doc. 4.
[2] The Fifth Circuit has held that, "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016). As such, a report and recommendation, rather than a ruling, is being issued relative to the instant Unopposed Voluntary Motion to Remand.
[3] R. Doc. 1 at ¶ I.

filed in the state court proceeding on the same day that Defendants filed their Notice of Removal in this Court.[4] Defendants assert that Plaintiffs' First Supplemental and Amended Petition for Damages names additional defendants who are alleged to be domiciled in the same state as Plaintiff.[5] As such, Defendants contend that there is no longer complete diversity of citizenship between the parties and the Court lacks subject matter jurisdiction over this matter.

## II. Law and Analysis

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), when original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). The removing party bears the burden of proving that federal jurisdiction exists at the time of removal. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citation omitted). Remand is proper if at any time the court lacks subject matter jurisdiction. *See*, 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

Here, the removing Defendants have not met their burden of proving that there was complete diversity of citizenship between the parties at the time of removal. 28 U.S.C. § 1332(a).

---

[4] R. Doc. 4-1 at 1.
[5] R. Doc. 4-2.

3

Instead, Defendants have filed an Unopposed Voluntary Motion to Remand and have attached a copy of Plaintiffs' First Supplemental and Amended Petition for Damages,[6] which indicates that Plaintiff sought to add several non-diverse parties as defendants in this case prior to removal, thereby destroying the Court's diversity jurisdiction under § 1332(a).  In addition, Defendants assert that, "Counsel for Plaintiffs has been contacted and expressly requested and consented to the filing of this motion to remand."[7]

Based on the Plaintiffs' First Supplemental and Amended Petition for Damages attached to the Unopposed Voluntary Motion to Remand, Defendants have not established that there was complete diversity between the parties at the time of removal.  As such, the Court lacks subject matter jurisdiction over Plaintiff's claims.

### III.  Recommendation

For the reasons set forth herein, it is the recommendation of the Magistrate Judge that the Defendants' Unopposed Voluntary Motion to Remand[8] be **GRANTED** and this matter **REMANDED** to the 18th Judicial District Court, Parish of Iberville, State of Louisiana.

Signed in Baton Rouge, Louisiana, on June 30, 2017.

                **ERIN WILDER-DOOMES**
                **UNITED STATES MAGISTRATE JUDGE**

---

[6] R. Doc. 4-2.
[7] R. Doc. 4-1 at 2.
[8] R. Doc. 4.